**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDUARDO ALCIDES RAMIREZ
GUILLEN,

                    Petitioner,

    v.

ERIC H. HOLDER Jr., Attorney General,

                    Respondent.

No. 08-73176

Agency No. A070-070-025

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2009[**]
Seattle, Washington

Before: BEEZER, GOULD and TALLMAN, Circuit Judges.

Petitioner Eduardo Alcides Ramirez Guillen seeks review of the Board of

Immigration Appeals' ("BIA") decision adopting the Immigration Judge's ("IJ")

denial of Guillen's asylum application.  The IJ found that Guillen was barred from

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum under 8 U.S.C. § 1158(b)(2)(A)(i) because Guillen participated in the persecution of others on account of a protected ground. We need not decide that issue because, in the alternative, the IJ found that Guillen failed to establish past persecution or a well-founded fear of future persecution as required by 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). We review the latter issue for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and we deny the petition.

Although Guillen testified to a subjectively genuine fear of persecution, there was no evidence showing that fear to be objectively reasonable. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004) (finding substantial evidence supported the IJ's determination because the alien's family members remained in the home country and were not persecuted). Because the IJ properly concluded that Guillen failed to demonstrate his eligibility for asylum, his claim for withholding of removal also fails. *Id*.

We do not address the IJ's decision regarding Guillen's claim under the Convention Against Torture because Guillen waived it by not challenging this decision in his opening appellate brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

**PETITION DENIED.**